(No. 23259.—

The People of the State of Illinois, Defendant in Error, *vs.* Marion Green, Plaintiff in Error.

*Opinion filed December 19, 1935.*

Charles M. Crayton, for plaintiff in error.

Otto Kerner, Attorney General, Oliver D. Mann, State's Attorney, and A. B. Dennis, for the People.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

Plaintiff in error was found guilty in the circuit court of Vermilion county of having in his possession a device commonly used in playing a game commonly called "policy." He was sentenced to six months at the State farm at Vandalia and to pay a fine of $250. The cause is brought directly to this court on the ground that a construction of the constitution is involved, urging that the indictment does not by sufficient statutory description or other proper averment so identify the offense as to notify defendant of the charge against him, contrary to the ninth section of the bill of rights.

The indictment contained two counts, each in substance charging that plaintiff in error willfully, knowingly and unlawfully had in his possession a certain device such as is commonly used in carrying on the game commonly called "policy," contrary to the form of the statute. Plaintiff in error moved to quash the indictment on the ground that it does not state the nature and character of the accusation against him, as required by section 9 of article 2 of the constitution, in that it fails to state facts with sufficient clarity to apprise him of the offense of which he is accused. This motion was overruled and on trial the jury returned a verdict of guilty in manner and form as charged in the indictment. Other errors assigned here include rulings on evidence and instructions.

The People's evidence is, that on July 12, 1935, one Sam Johnson swore out a search warrant, by which the premises at 315 East Seminary street, in Danville, were searched. The complaint on which the search warrant was issued alleged that a "policy" apparatus was kept there. A deputy sheriff, accompanied by two other persons, served the warrant and searched the premises. No policy game was in progress, but the officers found a wooden wheel, a packet of white and a packet of yellow paper slips, a stapler

and a box of staples, numerous yellow papers on which numbers were printed, a "dream card," an account book, and numerous sheets of canary-colored paper. Plaintiff in error was arrested and on the trial the articles so seized were put in evidence. At the time of the search the deputy sheriff showed the wheel found in plaintiff in error's house and asked him what it was, and he replied, "That is a wheel; that was here when you were here before but I haven't been using it." He was asked if it was his, and he replied, "Yes, but I have not been using it." The evidence showed that the large number of slips of paper found in the house were policy-slips used in the game of policy. These were found in various places about the premises.

Plaintiff in error's defense was that the policy wheel in evidence and other articles found there were brought to his house by his brother, and that he, the accused, not knowing they were in the house, was innocent of the possession of them. To rebut this defense the officer making the search testified that plaintiff in error told him that all of the articles in the house were his.

Concerning the contention that the indictment is not sufficient to apprise the accused of the offense against him, plaintiff in error's counsel argues that he was charged only with having possession of a "device" commonly used in carrying on the game of policy, and that he was not, therefore, sufficiently charged with unlawfully possessing an instrument used in the game of policy, and he could not tell from the indictment whether he was charged with having in his possession a wheel, the slips of paper, the stapler or other various exhibits introduced in evidence, and that therefore the indictment does not comply with the constitutional provision hereinbefore referred to.

Section 6 of division 11 of the Criminal Code (Smith's Stat. 1935, p. 1225,) provides that "every indictment or accusation of the grand jury shall be deemed sufficiently technical and correct which states the offense in the terms

and language of the statute creating the offense, or so plainly that the nature of the offense may be easily understood by the jury." It has been many times held by this court that an indictment or information is sufficient if it is sufficiently specific to notify the accused of the charge he is to meet and to enable him to prepare his defense. (*People* v. *Westerdahl,* 316 Ill. 86; *People* v. *Love,* 310 id. 558; *People* v. *Cohen,* 303 id. 523, and cases cited.) Paragraph 408 of the Criminal Code (Ill. State Bar Stat. 1935, p. 1209,) provides that "a person * * * who shall have in his possession, knowingly, any * * * device * * * or article of any kind such as is commonly used in carrying on, promoting or playing the game commonly called 'policy,' * * * shall, upon conviction, for the first offense be confined 'in the county jail for not more than one year, or be fined not less than $200 nor more than $1000, or both." The next section provides: "The possession by any person other than a public officer, of any * * * device, policy slip, or article of any kind, such as is commonly used in carrying on, promoting or playing the game commonly called 'policy,' is presumptive evidence of possession thereof knowingly and in violation of the provisions of this act." The indictment in the case before us, as we have seen, charged in each count the offense substantially in the language of the statute. The offense is statutory, and, where the statute sufficiently defines the crime, it is sufficient that the indictment or information charge the breach thereof in words of the statute. (*People* v. *Schreiber,* 250 Ill. 345; *McCracken* v. *People,* 209 id. 215; *Meadowcroft* v. *People,* 163 id. 56.) The indictment in this case is not subject to the criticism made of it. It apprised the plaintiff in error that he was charged with knowingly and unlawfully having in his possession a device commonly used in carrying on and playing the game commonly called "policy." He does not argue that the articles found in his house were not such devices

or that he knew nothing about such game or how it was played. On the contrary, it appears from the evidence that he knew what the wheel was to be used for. The question presented to the jury by his defense was one of fact, and was whether the wheel, slips of paper and stapler and staples were in his possession or were the property of and in the possession of his brother, he having no knowledge of their being in his house. The jury decided that issue of fact against him.

Counsel for plaintiff in error argues that there is no evidence showing that the exhibits offered in evidence were used in the policy game or other criminal transaction. It is sufficient to observe, in answer to this contention, that plaintiff in error is not charged with playing the policy game but with having in his possession the device used for such purpose.

It is next argued that as section 3 of the act under which plaintiff in error was charged, provides that possession by any person, other than a public officer, of any of the enumerated articles commonly used in playing policy constitutes the offense, it was necessary that the People allege and prove that the accused was not a public officer. The rule in this State is, that where an act is made a crime and such exceptions are so embraced in the enacting clause creating the offense as to affect the description of the offense, the People must allege and prove that the accused does not come within the exception—that is, where the exception is descriptive of the offense it must be negatived in order to charge the accused with the offense. If, however, the exception, instead of being a part of the description of the offense, merely withdraws certain acts or persons from the operation of the statute it need not be negatived, and its position in the act, whether in the same section or another part of the act, is of no consequence. (*People* v. *Prystalski*, 358 Ill. 198; *People* v. *Saltis*, 328 id. 494; *People* v. *Talbot*, 322 id. 416.) Exceptions are

generally matters of defense. (*People* v. *Prystalski, supra; Sokel* v. *People,* 212 Ill. 238; *Beasley* v. *People,* 89 id. 571.) This contention of plaintiff in error cannot be sustained.

Plaintiff in error next contends that he should have been allowed to testify concerning his knowledge of the presence of the wheel on his premises. The only question concerning such knowledge put by counsel for the accused was as to where the wheel was found, to which he answered that to the best of his knowledge it was found in Champaign. On objection this answer was stricken. The inquiry was not pursued further. The People's evidence, as we have stated, showed that the wheel was found in the kitchen of plaintiff in error's house. We are unable to discover any prejudice against plaintiff in error in this matter.

Complaint is made of the manner of giving instructions, in that they were given in narrative form and not marked "given" or "refused," as required by section 67 of the Civil Practice act. The trial of this case occurred on July 30, 1935. Section 67 of the Civil Practice act, as amended in 1935, in effect restores portions of the provisions of the Practice act of 1907 concerning instruction to juries, and requires that they be marked "given" or "refused," as the case may be. It does not appear from the abstract, however, that any objection was made to the method used in instructing the jury, either on motion for a new trial or in arrest of judgment or at any time prior thereto. The question is not, therefore, open here.

There is no error in the record requiring reversal, and the judgment of the circuit court of Vermilion county is affirmed.

*Judgment affirmed.*