**People of the State of Illinois, Defendant in Error, v. Louis Cerino, Plaintiff in Error.**

**Gen. No. 47,174.**

First District, Second Division.

July 19, 1957.

Released for publication September 20, 1957.

■

Moore, Ming & Leighton, of Chicago (George N. Leighton, of Chicago, of counsel) for plaintiff in error.

Benjamin S. Adamowski, State's Attorney, Cook County (L. Louis Karton, and William L. Carlin, Assistant State's Attorneys, of counsel) for defendant in error.

JUDGE FEINBERG delivered the opinion of the court.

Plaintiff in error was found guilty and fined $100 for violating the Bail Bond Act, Ill. Rev. Stat. 1955, Ch. 38, par. 627L, which in part provides as follows:

"The premium or compensation for acting as bail on any bond or recognizance shall not exceed 10 per cent for the first $100 and 5 per cent for each additional $100 of such bond or recognizance, and any person, company, firm, association, partnership or corporation charging or receiving directly or indirectly any greater compensation for acting as bail, or which shall engage in such business as aforesaid without obtaining a license, or while a license issued to such person, company, firm, association, partnership or corporation is suspended, or who shall accept any fee or compensation for obtaining a bondsman or obtaining a bond or recognizance, shall be guilty of a misdemeanor and be subject to a fine of not less than $100 nor more than $500 for each offense, and in addition thereto shall in any action brought to recover any such overcharge be liable to treble damages."

The information charged, in the language following, that defendant: "Did then and there unlawfully, wilfully and knowingly demanded and accepted a Fee in excess to the legal rate, to wit: Amounted accepted $50.00 fee for making a $200.00 Bail Bond in Municipal Court of Chicago, the Legal Fee for $200 Bail Bond in Municipal Court of Chicago is $15.00 Dollars."

231

A motion by plaintiff in error to vacate the judgment was heard and denied by the trial court. One of the reasons assigned in the motion was that the information failed to charge an offense, and the court had no jurisdiction to enter the finding and judgment of guilty.

The act in question, of which the section quoted is a part, provides for the regulation of the business of giving bail in criminal and quasi-criminal cases; for the licensing of persons, firms and corporations in such business; and for penalties for violation of the act.

The instant information fails to allege the name of the person from whom the fee was demanded and received. In People v. Walker, 7 Ill.2d 158, 161, it was said:

"Where an indictment charges an offense either against persons or property, the name of the person or property injured, if known, must be stated, and the allegation must be proved as alleged. . . . The purpose served by alleging the name of the person or property injured is to enable the accused to plead either a former acquittal or conviction under the indictment in the event of a second prosecution for the same offense. . . . Since the requirement is founded upon the protection of the right of the accused against double jeopardy, it is a substantial requirement designed to safeguard a constitutional right and not a mere technical rule."

The information also fails to allege that defendant in error was licensed to act as bail, so as to bring him within the act, or was in the business of giving bail without a license, in violation of the act. This we regard as vital to charge a crime under the act.

People v. Green, 362 Ill. 171, 174, and other cases cited by plaintiff in error, are not in point. In the Green case the court held that the indictment sufficiently described the gambling device where the offense charged was "possession" of a gambling device.

232

Because the information fails to charge a crime the judgment is reversed.

Reversed.

KILEY, P. J., concurs.

LEWE, J., took no part.