THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
DENNIS L. ELLIS, Defendant-Appellant.

Fourth District   No. 15180

Opinion filed May 21, 1979.

Richard J. Wilson and Barbara Chasnoff, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Marc D. Towler and Larry Wechter, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE REARDON delivered the opinion of the court:

The defendant, Dennis Ellis, was charged by uniform citation and complaint on March 14, 1978, with driving while his license or permit was suspended or revoked in violation of section 6—303 of the Illinois driver licensing law (Ill. Rev. Stat. 1977, ch. 95½, par. 6—303). Following a jury

trial, defendant was found guilty and subsequently sentenced to 1 year of probation. On appeal, defendant contends that the trial court erred in refusing to give his tendered instructions concerning driving with a restricted permit.

At trial, the State introduced testimony by a State police officer that defendant was driving an automobile which was involved in an automobile accident on March 14, 1978. The State, thereafter, introduced a certification from the Secretary of State that defendant possessed no valid driver's license on that date, and that on January 7, 1976, notification of the revocation of his license, effective January 16, 1976, had been sent to the defendant on Cory Street in Tolono, Illinois. Following the introduction of this evidence, the State rested.

The defendant then introduced a document from the Secretary of State's office showing that after his license was revoked on January 16, 1976, he was issued a restricted driving permit on January 30, 1976, and on May 12, 1976. The defendant contends that this evidence was sufficient to raise a question as to whether he was driving under a restricted driving permit on March 14, 1978, which, if so, would exempt him from the sanctions of the statute. Accordingly, defendant maintains that the court erred in refusing his tendered instructions which would have told the jury that if they found he was driving under a restricted driving permit on March 18, 1978, he was not guilty of the crime of driving with a revoked license, and that the State had to prove he did not have such a permit. In arguing essentially that the State had the specific burden of proving that he did not possess a valid restricted driving permit on March 14, 1978, defendant relies by analogy upon *Mullaney v. Wilbur* (1975), 421 U.S. 684, 44 L. Ed. 2d 508, 95 S. Ct. 1881, where the court held that the due process clause requires the prosecution to prove beyond a reasonable doubt the absence of the heat of passion on sudden provocation when the issue is properly presented in a homicide case. *Mullaney*, however, does not address the precise question of statutory interpretation presented here.

Section 6—303(a) provides:

> "Any person who drives a motor vehicle on any highway of this State at a time when his drivers license or permit or privilege so to do or his privilege to obtain a license or permit under this Act is revoked or suspended as provided by this Act or any other Act, except as may be allowed by a restricted driving permit issued under this Act, shall be guilty of a Class A misdemeanor and shall be imprisoned for not less than 7 days." Ill. Rev. Stat. 1977, ch. 95½, par. 6—303(a).

The general rule in Illinois is that where an act is made a crime and there are exceptions embraced in the enacting clause creating the

offense which affect the description of that offense, the State must allege and prove that the accused does not come within the exception. In other words, where the exception is descriptive of the offense it must be negatived in order to charge the accused with the offense. On the other hand, if the exception rather than being a part of the description of the offense, merely withdraws certain acts or persons from the operation of the statute, it need not be negatived, and its position in the act, whether in the same section or another part of the act, is of no consequence. Such exceptions are generally matters of defense. (*People v. Handzik* (1951), 410 Ill. 295, 306, 102 N.E.2d 340, *cert. denied* (1952), 343 U.S. 927, 96 L. Ed. 1337, 72 S. Ct. 760; *People v. Green* (1935), 362 Ill. 171, 175-76, 199 N.E. 278; *People ex rel. Courtney v. Prystalski* (1934), 358 Ill. 198, 203-04, 192 N.E. 908.) In the instant case, the exception merely withdraws persons with restricted driving permits from the operation of the statute and in no sense is descriptive of the offense.

Furthermore, after careful examination of the record, we find no evidence that defendant possessed a restricted driving permit on March 14, 1978. Defendant's exhibits Nos. 1 and 2 reflect that the restricted permit issued on January 30, 1976, had terminated on January 30, 1977, and that the permit issued on May 12, 1976, terminated on February 16, 1977. It is quite clear that defendant's last restricted permit terminated more than one year before March 14, 1978. We note that under section 6—205(c) of the statute (Ill. Rev. Stat. 1975, ch. 95½, par. 6—205(c)) a restricted driving permit may be issued only for a maximum period of one year. It is well established that before an instruction may be given, it must be supported by some evidence. (*People v. Thomas* (1977), 49 Ill. App. 3d 961, 973, 364 N.E.2d 641.) Absent any evidence that defendant possessed a valid restricted driving permit on March 14, 1978, the trial court properly refused to give any of defendant's tendered instructions.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

MILLS and CRAVEN, JJ., concur.