No. 2--00--0459

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

THE PEOPLE OF THE STATE ) Appeal from the Circuit Court

OF ILLINOIS, ) of Du Page County.

)

Plaintiff-Appellee, ) 

) 

v. ) No. 99--CF--3058

) 

ANTHONY E. RODGERS, ) Honorable

) George J. Bakalis,

Defendant-Appellant.  ) Judge, Presiding.

_________________________________________________________________

JUSTICE O'MALLEY delivered the opinion of the court:

Following a bench trial, defendant, Anthony E. Rodgers, was convicted of driving while his license was revoked (DWLR) (625 ILCS 5/6--303(a) (West 1998)).  He was sentenced to 18 months' imprisonment.  See 625 ILCS 5/6--303(d) (West 1998) (enhancement to felony).  He appeals, arguing that the State failed to prove that he did not have "a restricted driving permit issued *** under the law of another state" (625 ILCS 5/6--303(a) (West 1998)).  We affirm.

Defendant was charged with violating section 6--303(a) of the Illinois Vehicle Code.  That section states:

"Any person who drives *** a motor vehicle on any highway of this State at a time when such person's driver's license *** is revoked or suspended as provided by this Code or the law of another state, 
except as may be specifically allowed by a judicial driving permit, family financial responsibility driving permit, probationary license to drive, or a restricted driving permit issued pursuant to this Code or under the law of another state
, shall be guilty of a Class A misdemeanor."  (Emphasis added.)  625 ILCS 5/6--303(a) (West 1998). 

At trial, the sole witness was Max Wilson, a Wheaton police officer.  He testified that on June 29, 1998, he was on patrol.  At about 1 a.m., on a public highway, he noticed a vehicle traveling with an unlit headlight.  He stopped the vehicle and asked defendant, the driver, for his license.  Defendant said that he did not have one "on his person" but that his name was Jerry J. Foster.  Wilson relayed that name to his department, which informed him that the name was an alias used by defendant.  Wilson also learned that defendant's driver's license had been revoked.  When Wilson confronted him, defendant admitted his identity, and he was arrested.

The State submitted a certified copy of defendant's Illinois driving record.  In that record, the Secretary of State confirmed that defendant's license was revoked as of June 29, 1998.

Defendant moved for a directed finding, arguing that the State failed to disprove that he had a restricted driving permit from another state.  Relying on 
People v. Ellis
, 71 Ill. App. 3d 719 (1979), the court denied the motion.  Defendant was convicted and sentenced, and his motion to reconsider was denied.  He appeals, repeating the argument that he made below.

In 
Ellis
, the issue was virtually identical.  The defendant was charged with violating section 6--303(a), which at the time stated as follows:

"Any person who drives a motor vehicle on any highway of this State at a time when his drivers license *** is revoked or suspended as provided by this Act or any other Act, 
except as may be allowed by a restricted driving permit issued under this Act
, shall be guilty of a Class A misdemeanor ***."  (Emphasis added.)  Ill. Rev. Stat. 1977, ch. 95½, par. 6--303(a).

The defendant appealed his conviction, arguing that the State failed to prove that he did not have a restricted driving permit. 

The Appellate Court, Fourth District, concluded that the State had no burden to disprove the statutory exception.  The court explained:

"The general rule in Illinois is that where *** there are exceptions embraced in the enacting clause creating the offense which affect the description of that offense, the State must allege and prove that the accused does not come within the exception. *** On the other hand, if the exception *** merely withdraws certain acts or persons from the operation of the statute, it need not be negatived, and its position in the act *** is of no consequence.  Such exceptions are generally matters of defense.  [Citations.]  In the instant case, the exception merely withdraws persons with restricted driving permits from the operation of the statute and in no sense is descriptive of the offense."  
Ellis
, 71 Ill. App. 3d at 720-21.

Defendant acknowledges 
Ellis
 but asserts that, in light of 
People v. Laubscher
, 183 Ill. 2d 330 (1998), 
Ellis
 is "of dubious precedential value."  In 
Laubscher
, the defendant was charged with the unlawful use of weapons (UUW) under section 24--1(a)(4) of the Criminal Code of 1961.  That statute provides:

"(a) A person commits the offense of unlawful use of weapons when he knowingly:

* * *

(4) Carries or possesses *** concealed on or about his person 
except when on his land or in his own abode or fixed place of business
 any pistol, revolver, stun gun or taser or other firearm ***." (Emphasis added.)  720 ILCS 5/24--1(a)(4) (West 1998).

The defendant appealed his conviction, contending that the State was bound to negative the exceptions.  The supreme court agreed, ruling as follows:

"As can be seen, the legislature has included the above-[emphasized] exceptions within the statutory definition of the offense of unlawful use of weapons.  When an exception appears as part of the body of a substantive offense, the State bears the burden of disproving the existence of the exception beyond a reasonable doubt in order to sustain a conviction for the offense.  
Cf.
 
People v. Saltis
, 328 Ill. 494, 500-01 (1927) ***."  
Laubscher
, 183 Ill. 2d at 335.

Defendant concludes that, as the exceptions in section 24--1(a)(4) are "part of the body" of UUW, the exceptions in section 6--303(a) are "part of the body" of DWLR.  We agree that, in each statute, the exceptions appear within the definition of the offense.  Nevertheless, we reject defendant's argument.

Before 
Laubscher
, the supreme court had not used the phrase "part of the body of a substantive offense."  Clearly, however, the exceptions in section 24--1(a)(4) are not "part of the body" of UUW merely because of where they appear.  Indeed, the supreme court has long recognized that it is not an exception's location that controls; it is whether, as the 
Ellis
 court stated, the exception affects the description of the offense.  See, 
e.g.
, 
People v. Butler
, 268 Ill. 635, 638 (1915).  

We see nothing in 
Laubscher
 that evinces an intent to abandon this venerable rule.  On the contrary, by inviting a comparison to 
Saltis
, the court demonstrated its adherence.  Referring to 
Saltis
, we deduce the following.  Although an exception may appear within the statutory definition of an offense, it is "part of the body" of the offense only if it "is so incorporated with the language of the definition that the elements of the offense cannot be accurately described without reference to the exception."  
Saltis
, 328 Ill. at 501.  If the exception is so incorporated, the State must disprove its applicability.  However, if the exception "merely withdraws certain acts or certain persons from the operation of the statute," the exception is a matter of defense, and its position in the statute "makes no difference."  
Saltis
, 328 Ill. at 501.

In light of this analysis, we determine that 
Ellis
 remains valid and that 
Laubscher
 is distinguishable.  Under section 24--1(a)(4), no defendant can commit UUW merely by carrying or possessing a concealed firearm.  Rather, a defendant can be guilty 
only
 if he is not "on his land or in his own abode or fixed placed of business."  720 ILCS 5/24--1(a)(4) (West 1998).  It is the inapplicability of the exceptions that makes the use of weapons unlawful.  Thus, to accurately describe the elements of UUW, one must refer to the exceptions.

On the other hand, if a defendant merely drives on a public highway while his license is revoked, he commits what is generally a criminal act.  That is, in the typical case, the commission of the crime does not depend on the inapplicability of the exceptions.  Thus, the exceptions do not bear on the elements of the offense; instead, they state only that 
particular defendants
 (those with, 
e.g.
, restricted driving permits) are protected from liability.  Because the exceptions merely withdraw certain persons from the scope of the statute, the State has no burden to disprove them.

We conclude that, in the parlance of 
Laubscher
, the exceptions in section 6--303(a) are not "part of the body" of the substantive offense of DWLR.  Therefore, the State was not required to prove that defendant did not have "a restricted driving permit issued *** under the law of another state" (625 ILCS 5/6--303(a) (West 1998)).  On these grounds, we sustain defendant's conviction.

The judgment of the circuit court of Du Page County is affirmed.

Affirmed.

McLAREN and CALLUM, JJ., concur.