# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. McPeak*, 2012 IL App (2d) 110557

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LYNETTE D. McPEAK, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-11-0557 |
| Filed | November 2, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In the prosecution of defendant for driving while her license was suspended following her arrest for driving under the influence of alcohol, the State had no obligation to prove that she was not operating her vehicle as allowed by a monitoring device driving permit issued pursuant to the Illinois Vehicle Code. |
| Decision Under Review | Appeal from the Circuit Court of Boone County, No. 10-CF-223; the Hon. John H. Young, Judge, presiding. |
| Judgment | Affirmed. |

| Counsel on<br>Appeal | Thomas A. Lilien and Kathleen J. Hamill, both of State Appellate Defender's Office, of Elgin, for appellant. |
|---|---|
| | Michelle J. Courier, State's Attorney, of Belvidere (Lawrence M. Bauer and Mary Beth Burns, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE SCHOSTOK delivered the judgment of the court, with opinion.<br>Presiding Justice Jorgensen and Justice Burke concurred in the judgment and opinion. |

**OPINION**

¶ 1    Following a stipulated bench trial in the circuit court of Boone County, defendant, Lynette D. McPeak, was found guilty of driving while her license was suspended (DWLS) (625 ILCS 5/6-303(a), (c-3) (West 2008)) and was sentenced to a 1-year term of probation and 30 days in the Boone County jail. It was stipulated that on May 10, 2010, a law enforcement officer conducted a traffic stop of a vehicle driven by defendant. The abstract of defendant's driving record, which was admitted into evidence by stipulation, showed that a December 6, 2009, arrest in Winnebago County for driving under the influence of alcohol (DUI) resulted in the statutory summary suspension of her driver's license pursuant to section 11-501.1 of the Illinois Vehicle Code (Code) (625 ILCS 5/11-501.1 (West 2008)). The abstract indicated that the statutory summary suspension was in effect when defendant was stopped on May 10, 2010. Defendant argues on appeal that, in order to secure a conviction of DWLS, the State was obligated to prove that she was not operating the vehicle as allowed by a monitoring device driving permit (MDDP) (see 625 ILCS 5/6-206.1 (West 2008)). According to defendant, because no evidence was presented on this point, her conviction must be reversed. We conclude that the State was under no obligation to present such evidence and we therefore affirm defendant's conviction.

¶ 2    Section 11-501.1 of the Code (625 ILCS 5/11-501.1 (West 2008))–the so-called "implied consent law"–provides that a motorist operating a vehicle on a public highway in Illinois is deemed to have consented that, if arrested for DUI, he or she will submit to chemical testing to determine his or her blood alcohol level. If the motorist refuses to undergo testing, or submits to testing that reveals a blood alcohol level of 0.08 or more, his or her driving privileges will be summarily suspended. A "first offender" (see 625 ILCS 5/11-500 (West 2008)) may receive a MDDP, which authorizes the recipient to drive a vehicle equipped with an ignition interlock device that prevents the vehicle from starting until it has been determined that the driver's breath alcohol does not exceed a certain level. See 625 ILCS 5/1-

129.1, 6-206.1 (West 2008). At the time of defendant's DUI arrest, section 6-206.1(a) of the Code (625 ILCS 5/6-206.1(a) (West 2008)) required the trial court to inform a first offender of his or her right to a MDDP and to order the Secretary of State to issue a MDDP "unless the offender has opted, in writing, not to have a MDDP issued." The order for the issuance of the MDDP must require the recipient to pay to the Secretary of State an administrative fee not to exceed $30 per month. *Id.* The recipient must also have an ignition interlock device installed at his or her own expense within 14 days of the issuance of the MDDP. The provider of the ignition interlock device must notify the Secretary of State that it has been installed. *Id.* The Secretary must cancel the permit if notification is not received. *Id.*

¶ 3      The statute under which defendant was charged here, section 6-303 of the Code (625 ILCS 5/6-303 (West 2008)), provides, in pertinent part, as follows:

"§ 6-303. Driving while driver's license, permit or privilege to operate a motor vehicle is suspended or revoked.

(a) *** [A]ny person who drives or is in actual physical control of a motor vehicle on any highway of this State at a time when such person's driver's license, permit or privilege to do so or the privilege to obtain a driver's license or permit is revoked or suspended as provided by this Code or the law of another state, *except as may be specifically allowed by a* judicial driving permit issued prior to January 1, 2009, [*MDDP*], family financial responsibility driving permit, probationary license to drive, or a restricted driving permit issued pursuant to this Code or under the law of another state, shall be guilty of a Class A misdemeanor.

* * *

(c-3) Any person convicted of a violation of this Section during a period of summary suspension imposed pursuant to Section 11-501.1 when the person was eligible for a MDDP shall be guilty of a Class 4 felony and shall serve a minimum term of imprisonment of 30 days." (Emphasis added.)

¶ 4      It is undisputed that defendant drove her vehicle during the period of the statutory summary suspension. There is also no dispute that, at the time of the summary suspension, defendant was a first offender for purposes of section 6-206.1 and was therefore eligible for a MDDP. The record does not show, however, whether a MDDP had been issued to defendant. At trial, defendant argued that the State failed to prove that the trial court in the Winnebago County DUI proceedings had properly notified defendant of her right, as a first offender, to receive a MDDP. Defendant argued that, absent evidence of the required notification, the State had failed to prove her eligibility for a MDDP. In this appeal, defendant does not seriously pursue this argument. Nor does she contest that she was eligible for a MDDP. In fact, her argument on appeal is premised on the proposition that her eligibility was properly established. According to defendant, "by proving that [she] was eligible for an MDDP in order to support [charging her with a felony], the State assumed the burden to prove that she either did not receive one or drove a vehicle that was not equipped with an ignition interlock device." There are two possible reasons why the State might be held to such a burden: (1) to sustain its burden of proving the elements of the offense beyond a reasonable doubt or, alternatively, (2) to disprove an affirmative defense supported by the

evidence. As explained below, neither reason applies here.

¶ 5    It is a fundamental principle of criminal law that the State bears the burden of proving all of the elements of the offense beyond a reasonable doubt. See, *e.g.*, *People v. Hernandez*, 2012 IL App (1st) 092841, ¶ 64. Section 6-303(a) of the Code prohibits a motorist from operating a vehicle while his or her license is suspended or revoked, but creates an exception where operation of the vehicle is "specifically allowed" under any of various driving permits, including a MDDP. 625 ILCS 5/6-303(a) (West 2008). Thus, the issue here is whether the *inapplicability* of this exception is an element of the offense that the State must prove beyond a reasonable doubt. Consonant with our decision in *People v. Rodgers*, 322 Ill. App. 3d 199 (2001), we hold that it is not.

¶ 6    In *Rodgers*, the defendant argued that the State failed to meet its burden of proving that he violated section 6-303(a) when he drove while his license was revoked. Specifically, the defendant claimed that the State failed to prove that he lacked a restricted driving permit from another state. We observed that, under *People v. Laubscher*, 183 Ill. 2d 330 (1998), " '[w]hen an exception appears as part of the body of a substantive offense, the State bears the burden of disproving the existence of the exception beyond a reasonable doubt in order to sustain a conviction for the offense.' " *Rodgers*, 322 Ill. App. 3d at 202 (quoting *Laubscher*, 183 Ill. 2d at 335). We noted, however, that "[a]lthough an exception may appear within the statutory definition of an offense, it is 'part of the body' of the offense only if it 'is so incorporated with the language of the definition that the elements of the offense cannot be accurately described without reference to the exception.' " *Id.* (quoting *People v. Saltis*, 328 Ill. 494, 501 (1927)). On the other hand, "if the exception 'merely withdraws certain acts or certain persons from the operation of the statute,' the exception is a matter of defense, and its position in the statute 'makes no difference.' " *Id.* (quoting *Saltis*, 328 Ill. at 501). In holding that the State does not bear the burden of proving the lack of an out-of-state restricted driving permit, we reasoned as follows:

"[I]f a defendant merely drives on a public highway while his license is revoked, he commits what is generally a criminal act. That is, in the typical case, the commission of the crime does not depend on the inapplicability of the exceptions. Thus, the exceptions do not bear on the elements of the offense; instead, they state only that *particular defendants* (those with, *e.g.*, restricted driving permits) are protected from liability. Because the exceptions merely withdraw certain persons from the scope of the statute, the State has no burden to disprove them." (Emphasis in original.) *Id.* at 203.

¶ 7    Similarly, the statutory exception for those driving as specifically allowed by a MDDP merely withdraws such drivers from the scope of the statute. The exception is therefore a defense, not an element of the offense that must be proved by the State. Defendant seeks to avoid this result by arguing, in essence, that, when the State prosecutes the offense as a felony and offers proof that the defendant was eligible for a MDDP, it necessarily raises the statutory defense and must then prove beyond a reasonable doubt that the defense does not apply. See 720 ILCS 5/3-2(b) (West 2008). Defendant reasons that because "everyone who qualifies for an MDDP must receive one unless they opt out, the absence of an affirmative indication that the defendant opted out supports the single reasonable inference that she did not opt out." The argument turns on its head the familiar truism that the absence of evidence

-4-

is not necessarily evidence of absence. See, *e.g.*, *United States Securities & Exchange Comm'n v. Bravata*, 763 F. Supp. 2d 891, 910 (E.D. Mich. 2011). Without more information, one can only guess whether a given motorist would choose to receive a MDDP. Not every motorist who is eligible to receive a MDDP is in a position to make use of one. The most obvious example of a motorist with no use for a MDDP is one who does not own a motor vehicle or have access to a motor vehicle owned by someone who is willing to allow the installation of an ignition interlock device. Presumably, such a motorist would gladly opt out in writing in order to avoid paying a MDDP administrative fee to the Secretary of State. Moreover, there are potentially serious consequences for the holder of a MDDP that is cancelled because the holder fails to install an ignition interlock device. See 625 ILCS 5/6-206 (West 2008).

¶ 8        Even if we were willing to accept the idea that eligibility for a MDDP, in itself, yields an inference that one has been issued, that inference is only the starting point for raising a defense to DWLS. If a defendant is to escape criminal responsibility for driving during a period of suspension, there must be evidence not only that a MDDP was issued, but also that the defendant drove "as specifically allowed" by the MDDP. 625 ILCS 5/6-303(a) (West 2008). In most cases that means the driver may operate only vehicles equipped with ignition interlock devices. See 625 ILCS 5/6-206.1(a-1) (West 2008). There is no basis in law or logic for an inference that, merely because a driver is eligible for a MDDP, he or she will necessarily comply with this requirement.

¶ 9        Because there was insufficient evidence to raise a defense based on the issuance of, and compliance with, a MDDP, the State met its burden of proof by establishing that defendant drove during the period of a statutory summary suspension and that she was eligible for a MDDP.

¶ 10       For the foregoing reasons, the judgment of the circuit court of Boone County is affirmed.

¶ 11       Affirmed.