# Illinois Official Reports

## Appellate Court

*People v. Brace*, 2017 IL App (4th) 150388

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CASEY L. BRACE, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-15-0388 |
| Filed | May 26, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Adams County, No. 14-CF-143; the Hon. William O. Mays, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Michael J. Pelletier, Jacqueline L. Bullard, and Susan M. Wilham, of State Appellate Defender's Office, of Springfield, for appellant.<br><br>Gary L. Farha, State's Attorney, of Quincy (Patrick Delfino, David J. Robinson, and Timothy J. Londrigan, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | PRESIDING JUSTICE TURNER delivered the judgment of the court, with opinion.<br>Justices Harris and Pope concurred in the judgment and opinion. |

**OPINION**

¶ 1    In January 2015, defendant, Casey L. Brace, pleaded guilty to the offense of unlawful possession of methamphetamine precursors without a prescription while having a previous methamphetamine conviction. In March 2015, the trial court sentenced her to one year in prison. In April 2015, defendant filed a motion to withdraw her guilty plea, which the court granted. In a May 2015 stipulated bench trial, the court found defendant guilty and reimposed the one-year sentence.

¶ 2    On appeal, defendant argues the State's evidence at her stipulated bench trial failed to prove a necessary element of the charged offense. We affirm.

¶ 3                                   I. BACKGROUND

¶ 4    In March 2014, the State charged defendant by information with one count of unlawful possession of methamphetamine precursors without a prescription under section 120 of the Methamphetamine Control and Community Protection Act (Act) (720 ILCS 646/120 (West 2014)). Therein, the State alleged she knowingly purchased or possessed products containing pseudoephedrine without a prescription and she had been previously convicted of the offense of unlawful possession of methamphetamine in June 2006.

¶ 5    In July 2014, defendant filed a motion to dismiss, claiming she was never made aware that, given her previous conviction, her purchase or possession of pseudoephedrine was illegal. Defendant argued the law prohibiting possession of pseudoephedrine without a prescription by individuals with another conviction under the Act "should be considered to be *ex post facto*." In September 2014, the trial court denied the motion.

¶ 6    In January 2015, defendant pleaded guilty in return for a sentencing cap of three years. The State's factual basis was as follows:

"Your Honor, if this matter had proceeded to trial the People would present a certified copy of her conviction in 06-CF-101, which was for the offense of unlawful possession of methamphetamine.

This conviction was after the effective date of the Methamphetamine Community Control and Protection Act, thereby making it illegal for her to purchase pseudoephedrine. The People would show by a number of means, numerous purchases of pseudoephedrine; specifically, on January 26th, 2014, her purchase of pseudoephedrine at Walgreens located at 18th and Broadway in Quincy, Adams County, Illinois. That would include a video of her being at the Walgreens store.

There is a copy of the receipt for her purchase of Wal-Phed D-tabs, which are a pseudoephedrine product. Again, we would have the NPLEx [(National Precursor Log Exchange)] pill logs to show that purchase, along with 18 other purchases in Adams County and one block, since the effective date of the statute. She also made 110 total purchases, not only in this county, but in other counties."

The court accepted the State's factual basis and defendant's guilty plea.

¶ 7    In March 2015, the trial court sentenced defendant to one year in prison, with credit for one day served. Thereafter, defendant filed a notice of appeal. In April 2015, defendant filed a motion to strike the notice of appeal and withdraw her guilty plea. Defendant contended she

was incorrectly advised by counsel as to the effect of her plea and wished to withdraw it and have a bench trial.

¶ 8 In May 2015, the trial court granted the motion and the case proceeded by agreement to a stipulated bench trial. Defendant agreed she would accept the statement of facts presented at her plea hearing. The parties also agreed to accept the statement of facts prepared for the Department of Corrections, which stated as follows:

> "Reporting date February 5, 2014, the reporting officer received from Msgt. Pat Frazier an NPLEx report showing that Casey Brace has purchased pseudoephedrine 110 times and been blocked 18 times since May 19, 2010. There are 18 purchases in Adams County and one block. The majority of the purchases took place in Mason and Fulton Counties. Brace has a meth conviction 2006-CF-101. This conviction was possession of meth less than 5 grams. A purchase of pseudoephedrine after a meth conviction violates the Methamphetamine Control and Community Protection Act.
>
> On March 16, 2015 the defendant was sentenced to the Department of Corrections for a term of 1 year for Unlawful Possession of Meth. Precursors without a Prescription, a Class 4 Felony."

The court noted it reviewed the statement of facts and found defendant guilty. The court also reimposed the one-year sentence. This appeal followed.

¶ 9                                                    II. ANALYSIS

¶ 10 Defendant argues her conviction for unlawful possession of methamphetamine precursors without a prescription must be vacated because the State's evidence at her stipulated bench trial failed to show she lacked a prescription for pseudoephedrine. We disagree.

¶ 11 "When reviewing a challenge to the sufficiency of the evidence in a criminal case, the relevant inquiry is whether, when viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *People v. Singleton*, 367 Ill. App. 3d 182, 187, 854 N.E.2d 326, 331 (2006). However, when a defendant only "questions whether the uncontested facts were sufficient to prove the elements of the offense, our review is *de novo*." *People v. Perkins*, 408 Ill. App. 3d 752, 757-58, 945 N.E.2d 1228, 1234 (2011) (citing *In re Ryan B.*, 212 Ill. 2d 226, 231, 817 N.E.2d 495, 497-98 (2004)). Moreover, questions of statutory interpretation are reviewed *de novo*. *People v. Campa*, 217 Ill. 2d 243, 252, 840 N.E.2d 1157, 1164 (2005).

¶ 12 In the case *sub judice*, the trial court found defendant guilty of unlawful possession of methamphetamine precursors without a prescription. Section 120(a) of the Act (720 ILCS 646/120(a) (West 2014)) is titled "Prescriptions" and provides as follows:

> "Whenever any person pleads guilty to, is found guilty of, or is placed on supervision for an offense under this Act, in addition to any other penalty imposed by the court, no such person shall thereafter knowingly purchase, receive, own, or otherwise possess any substance or product containing a methamphetamine precursor as defined in Section 10 of this Act, without the methamphetamine precursor first being prescribed for the use of that person in the manner provided for the prescription of Schedule II controlled substances under Article III of the Illinois Controlled Substances Act."

This court has found section 120(a) of the Act requires the State to prove a defendant knowingly possessed a substance containing a methamphetamine precursor and had a prior conviction under the Act. *People v. Laws*, 2016 IL App (4th) 140995, ¶ 25, 66 N.E.3d 848 (citing 720 ILCS 646/120(a) (West 2012)). Pseudoephedrine is a "[m]ethamphetamine precursor" as defined by the Act. 720 ILCS 646/10 (West 2014).

¶ 13 Here, the State's factual basis at the guilty plea hearing showed defendant had a prior conviction for unlawful possession of methamphetamine in case No. 06-CF-101. The State also indicated defendant made numerous purchases of pseudoephedrine. In the agreed statement of facts presented at the stipulated bench trial, the evidence indicated defendant had a previous methamphetamine conviction and had purchased pseudoephedrine 110 times since May 19, 2010. According to our decision in *Laws*, the State's evidence was sufficient to prove defendant guilty of the charged offense.

¶ 14 Defendant, however, argues the State failed to prove she lacked a prescription for the pseudoephedrine. Defendant contends the lack of a requisite prescription must be demonstrated by the State to prove the charged offense. In support of her argument, defendant relies on this court's decision in *People v. Ellis*, 71 Ill. App. 3d 719, 390 N.E.2d 583 (1979). In that case, the State charged the defendant with driving while his license or permit was suspended or revoked. *Ellis*, 71 Ill. App. 3d at 719, 390 N.E.2d at 584. The statute at issue provided criminal penalties for any person driving a motor vehicle on any highway of this State "at a time when his drivers license or permit or privilege so to do *** is revoked or suspended ***, except as may be allowed by a restricted driving permit issued under this Act." Ill. Rev. Stat. 1977, ch. 95½, ¶ 6-303(a). The defendant argued the State had the burden of proving he did not possess a valid restricted driving permit. *Ellis*, 71 Ill. App. 3d at 720, 390 N.E.2d at 584-85. This court rejected the defendant's argument and stated as follows:

> "The general rule in Illinois is that where an act is made a crime and there are exceptions embraced in the enacting clause creating the offense which affect the description of that offense, the State must allege and prove that the accused does not come within the exception. In other words, where the exception is descriptive of the offense it must be negatived in order to charge the accused with the offense. On the other hand, if the exception rather than being a part of the description of the offense, merely withdraws certain acts or persons from the operation of the statute, it need not be negatived, and its position in the act, whether in the same section or another part of the act, is of no consequence. Such exceptions are generally matters of defense. [Citations.] In the instant case, the exception merely withdraws persons with restricted driving permits from the operation of the statute and in no sense is descriptive of the offense." *Ellis*, 71 Ill. App. 3d at 720-21, 390 N.E.2d at 585.

¶ 15 In *People v. Rodgers*, 322 Ill. App. 3d 199, 200, 748 N.E.2d 849, 850 (2001), the State also charged the defendant with violating section 6-303(a) of the Illinois Vehicle Code (625 ILCS 5/6-303(a) (West 1998)). The defendant argued the State failed to meet its burden of proving he violated the statute because it failed to prove he lacked a restricted driving permit from another state. *Rodgers*, 322 Ill. App. 3d at 201, 748 N.E.2d at 850. In holding the State had no burden of proving the lack of an out-of-state restricted driving permit, the Second District stated as follows:

- 4 -

"[I]f a defendant merely drives on a public highway while his license is revoked, he commits what is generally a criminal act. That is, in the typical case, the commission of the crime does not depend on the inapplicability of the exceptions. Thus, the exceptions do not bear on the elements of the offense; instead, they state only that *particular defendants* (those with, *e.g.*, restricted driving permits) are protected from liability. Because the exceptions merely withdraw certain persons from the scope of the statute, the State has no burden to disprove them." (Emphasis in original.) *Rodgers*, 322 Ill. App. 3d at 203, 748 N.E.2d at 852.

The Second District concluded the State was not required to prove the defendant did not have a restricted driving permit from another state and affirmed his conviction. *Rodgers*, 322 Ill. App. 3d at 203, 748 N.E.2d at 852.

¶ 16 In this case, section 120(a) of the Act criminalizes the knowing purchase or possession of a methamphetamine precursor after having been previously convicted of an offense under the Act. Persons with a valid prescription for the methamphetamine precursor are exempted. The prescription exception is not part of the body of the offense. Instead, it merely withdraws certain persons from the operation of the statute, *i.e.*, those possessing a prescription for the drug they purchase. Thus, the exception is a matter of defense, and the State has no burden to disprove it. Accordingly, we find the State was not required to prove defendant did not have a prescription for the pseudoephedrine in her possession to establish a violation of section 120(a) of the Act.

¶ 17 III. CONCLUSION

¶ 18 For the reasons stated, we affirm the trial court's judgment. As part of our judgment, we award the State its $75 statutory assessment against defendant as costs of this appeal.

¶ 19 Affirmed.