(No. 37551.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CHARLES PHILLIPS, Plaintiff in Error.

*Opinion filed January 22, 1964.*

JAMES C. WICKLINE, of Chicago, (CHARLES W. NAUTS and RICHARD L. POLLAY, of counsel,) for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and EDWARD J. HLADIS and MATTHEW J. MORAN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

After a bench trial, the defendant, Charles Phillips, was convicted of the unlawful possession of narcotics and sen-

tenced to the penitentiary for a term of not less than three nor more than five years. On this writ of error his sole contention is that the trial court erred in denying his motion to suppress certain evidence which he contends was the product of an illegal search.

Only two witnesses testified at the hearing on the motion to suppress. The defendant testified that he and three friends were listening to the radio in his apartment on the afternoon of November 11, 1960. "A knock comes to the door and I goes to the door and asked who was it and somebody said 'Janitor,' and I put the safety chain to open the door and a terrific force came against the door and three officers rushed in the room with pistols drawn."

Officer Thomas King testified that on the morning of November 11, 1960, he had talked to an informer who said that on the previous evening he had purchased narcotics from the defendant, and that he had then heard arrangements being made for the delivery of a supply of narcotics to the defendant's apartment that afternoon at three o'clock.

The informer agreed to sign an application for a search warrant. The police officer and the informer went to Holiday Court and although the judge and clerk were present, neither a search warrant nor an arrest warrant was obtained. The record does not show whether or not an application for a warrant was actually made. The officers then went to the apartment building identified by the informer. They were told by the janitor that a man named Charles resided in apartment 17. Officer King knocked on the door of the apartment. "Charles Phillips opened the door, at which time I showed him my star, and at the same time his hand opened up and this Winston-Salem [sic] cigarette package fell to the ground and at the same time two people were laying on the bed, I didn't see who they were, one threw the needle and syringe on the floor. * * * I was standing on the outside. I immediately went in and picked up the needle and syringe and my partner picked up the

Winston-Salem package." The cigarette package contained four tin-foil packages which contained heroin, and it was this evidence that the defendant sought to suppress.

The case is presented by the defendant upon the theory that the motion to suppress should have been granted because the heroin which was admitted in evidence was the product of an illegal search. We do not so appraise the record. The testimony of the police officer was that there was no entry into the defendant's apartment until after the officer had seen the hypodermic needle and syringe. Possession of those articles, except by physicians and other designated persons, is prohibited by statute. (Ill. Rev. Stat. 1961, chap. 38, par. 22—50.) Apart from anything that had theretofore occurred, the officer had personal knowledge that an offense was being committed in his presence at the time that he entered the apartment. This appears to have been the view of the trial judge, who stated that in his opinion there had not been an unlawful entry. No search was necessary to discover the needle and syringe, which were in plain view. The subsequent seizure and opening of the cigarette package which contained the heroin was incidental to a valid arrest, and the motion to suppress was properly denied.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*