THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* IRA SHAW, Defendant-Appellant.

(No. 54823; )

First District—June 28, 1972.

Gerald W. Getty, Public Defender, of Chicago, (James N. Gramenos, Assistant Public Defender, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane and John C. O'Rourke, Jr., Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

The defendant, Ira Shaw, was indicted for the crime of armed robbery. Following a jury trial in the Circuit Court of Cook County, the defendant was found guilty and sentenced to a term of seven to fourteen years in the Illinois State Penitentiary.

The issues presented for review are: (1) whether the trial court erred in refusing to suppress the victim's identification of the defendant at the pre-indictment lineup since the defendant was not represented by counsel; (2) whether the pre-indictment lineup procedure was so impermissively suggestive as to give rise to a substantial likelihood of misidentification by the victim; and (3) whether the sentence imposed by the trial court was excessive.

On June 16, 1969, at approximately 8:00 P.M., Thomas Creach was walking on Indiana Avenue between 53rd and 54th Streets in Chicago. As Mr. Creach walked south toward 54th Street, two men approached him from the rear and informed him that it was a stickup. Both men were armed with knives. A struggle ensued and Mr. Creach was knocked into the bushes. The two assailants then dragged him into a nearby gangway next to a church, where they robbed him of his watch, ring, money clip and $29.00. Thereafter, the two men forced Mr. Creach to lie face down in the gangway while they fled.

After the robbers were gone, the victim left the gangway and saw the two men, later identified as the defendant and his partner, heading north on Indiana Avenue. He then crossed the street and asked a lady to call the police. In the meantime, Mr. Creach flagged down a passing squad car and related his story to the police. The two policemen then took Mr. Creach to the police station at 57th Street and Cottage Grove Avenue.

At approximately the same time, the defendant and another man were arrested at 53rd Street and Prairie Avenue by two police officers who were responding to a police radio call concerning the robbery. The arresting officers testified that as they approached the defendant and the other man, the defendant dropped a watch, later identified as belonging to Mr. Creach. Following the arrest, the officers proceeded with the defendant and the other man to the police station at 57th Street and Cottage Grove Avenue.

At the police station, the defendant was searched and an inventory of his goods was recorded. Included among the things in his possession were a knife, ring, watch and some money. Shortly thereafter a lineup was conducted with Mr. Creach present as the complaining witness. The lineup was composed of five black males in their twenties, all approximately the same size as the defendant and his partner. When Mr. Creach was asked to identify the two men who had robbed him, he picked the defendant and his partner from the lineup.

Subsequently, the defendant was indicted for armed robbery. At the trial, both the defendant's motion to suppress the victim's identification and the defendant's motion to suppress the physical evidence recovered from his person at the time of his arrest were denied. Thereafter, Mr. Creach was called as a witness and identified the defendant as the man who had robbed him. The jury then found the defendant guilty and the trial court sentenced him to a term of seven to fourteen years in the Illinois State Penitentiary. The defendant appeals from these findings.

The first issue presented for review is whether the trial court erred in refusing to suppress the victim's identification of the defendant at the pre-indictment lineup since the defendant was not represented by counsel.

The defendant contends a pre-indictment lineup is a critical stage in a criminal prosecution and, as such, the defendant should have been afforded the benefit of counsel. The basis for the defendant's contention is the decision of the United States Supreme Court in *United States v. Wade* (1967), 388 U.S. 218, wherein the court found it was necessary to have counsel present at the critical stages in a criminal prosecution to object to any irregularities and to assure the accused is afforded his right to meaningful cross-examination at trial.

■■ We find the defendant's contention to be clearly in error in light of the well settled state of Illinois law in situations such as the instant case. The Illinois Supreme Court in *People v. Palmer* (1969), 41 Ill.2d 571, stated the present controlling rule of law concerning pre-indictment lineups by reiterating that it does not consider a pre-indictment lineup to be a critical stage in a criminal prosecution and, as such, counsel need not be present. Furthermore, the United States Supreme Court in a recent decision, *Kirby v. Illinois* (June 7, 1972), 40 United States Law Week 4607, affirmed the position of the Illinois Supreme Court as stated in *People v. Palmer.* We therefore reject the defendant's contention that a pre-indictment lineup is a critical stage in a criminal prosecution.

The second issue presented for review is whether the pre-indictment lineup procedure in the instant case was so impermissively suggestive as to give rise to a substantial likelihood of misidentification by the victim. ■■ The defendant contends the lineup in the instant case was so conducted as to focus on him to the exclusion of the other participants, thereby depriving him of due process. The defendant's contention is based on the alleged fact that he was the only participant among those lined up who was dressed in dark clothing and a beret, and who was asked questions concerning his employment status. In light of these facts, the defendant believes the lineup was conducted contrary to the guidelines established by the United States Supreme Court in *Stovall v. Denno*

(1967), 388 U.S. 293. In *Stovall*, the court stated a defendant is free to establish, based on the totality of the surrounding circumstances, that a viewing by a victim was so wanting in fairness as to deprive the defendant of due process.

We believe the defendant fails to establish the lineup in which he participated and was identified was so lacking in fairness as to deprive him of due process. The testimony of the victim, Mr. Creach, on cross-examination, stands uncontroverted that he did not pick the defendant from the lineup because of his clothing or hat. He stated he only identified the men who robbed him, one of whom was the defendant. The testimony of the arresting policeman, Officer Thompson, also reflects the fact that the defendant fails in attempting to show the lineup was conducted in such a way as to deprive the defendant of due process. In answering a question posed by the prosecution, the police officer stated the defendant was not made to do or say anything different than the other four participants in the lineup. Finally, the circumstances of the robbery were such that the victim had an opportunity to observe the two men who robbed him while it was still daylight and was able to identify them. For these reasons, we reject the defendant's contention that the lineup in which he was identified was violative of due process or that it was set up in such a way as to focus on him to the exclusion of the other participants.

The final issue presented for review is whether the sentence imposed by the trial court is excessive.

■■ The defendant contends the sentence imposed by the trial court, seven to fourteen years in the Illinois State Penitentiary, is excessive in light of his past record and, as such, should be reduced. We do not believe this contention is well taken. In *People v. Taylor* (1965), 33 Ill.2d 417, the court held the decision of the trial court as to the sentence should not be disturbed unless it appears such sentence constitutes a gross departure from the norm for sentences for similar offenses. The statutory penalty for armed robbery is imprisonment "for any indeterminate term with a minimum of not less than 2 years." (Ill. Rev. Stat. 1969, ch. 38, par. 18—2(b).) The record demonstrates the sentence of the defendant is within the statutory limits prescribed for the offense for which he was convicted and, as such, we believe the trial court imposed a proper sentence.

For the reasons stated herein, the judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

BURMAN and ADESKO, JJ., concur.