THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT JONES, Defendant-Appellant.

(No. 55992;

First District—September 5, 1972.

Gerald W. Getty, Public Defender, of Chicago, (Ronald Himel, Assistant Public Defender, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (James R. Truschke, Assistant State's Attorney, of counsel,) for the People.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

After a jury trial defendant was convicted of armed robbery and sentenced to a term of 5 to 10 years in the penitentiary. On appeal defendant contends:

1. Evidence produced by a search incident to his arrest should have been suppressed, because the arrest was made without probable cause;

2. Pretrial identification procedures were unnecessarily suggestive and conducive to mistaken identity; and

3. The prosecutor's closing argument was so prejudicial as to deny him a fair trial.

At the pretrial hearing on defendant's motion to suppress identification, complainant, Dorothy Smith, testified that she was employed by Hollis Cleaners at 6709 S. Racine Ave., Chicago, Illinois, on November 9, 1970. At approximately 1:50 P.M. a man entered the store and announced that it was a "stick-up." She opened the cash register and the man took one five and five one dollar bills. After ascertaining that was all the money available in the store, he departed and ran down an adjacent alley. The lights were on in the store during the occurrence. He was in the store for "a couple of minutes" and stood two to three feet from complainant. She was able to see him well. After his departure, complainant immediately telephoned the police and reported the robbery. She described the robber as a male negro, 5'6" tall, 150 pounds, wearing brown corduroy pants and a furry type hat and coat. About 45 minutes after the occurrence complainant identified defendant at a police line-up of four per-

sons.* She further testified that she identified defendant's face, not his clothing.

At the pretrial hearing on defendant's motion to suppress physical evidence, police officer Theodore Dixon testified that he and his partner, Roosevelt Allen, were cruising in an unmarked police car on November 9, 1970. It was raining. They observed a man, subsequently identified as defendant, running from the cleaning store at 6709 S. Racine Ave. into an adjacent alley. The witness stated that he and his partner were devoting particular attention to cleaning shops because of a rash robberies of such establishments. Officer Dixon left the police car and pursued defendant for 1½ blocks eastbound through the alley to the east side of May St., the next north-south street east of Racine Ave. Defendant then ran back to the west side of May St. where the witness observed him entering a car occupied by two other men. The engine of the car was running. Defendant was in the sight of Officer Dixon throughout the chase. As Officer Dixon approached the car, Officer Allen drove the police car to a position alongside the automobile to prevent its departure. Officer Dixon ordered the three men from the car. As the men were getting out of the automobile, Officer Allen informed Officer Dixon that he had received a radio message that a robbery had occurred at the store from which defendant had emerged and fled. Defendant was then placed under arrest and searched. One five and five one dollar bills were discovered in the waistband of his trousers. A subsequent search of the car revealed a gun beneath an armrest in the front seat. The currency and gun were admitted into evidence at the trial.

On cross-examinaiton, defendant introduced into evidence a copy of the report of arrest filed by Officers Dixon and Allen, wherein it was indicated that defendant's person was searched prior to receipt of the radio message of the robbery. Officer Dixon testified that the police report may have contained some errors.

Officer Allen's testimony was substantially the same as Officer Dixon's regarding the sighting of defendant running from the cleaning store and the subsequent pursuit by Officer Dixon. Officer Allen further testified that he received a radio message of a robbery at 6709 S. Racine Ave. which he communicated to Officer Dixon before defendant emerged from the automobile.

In overruling defendant's motion to suppress physical evidence the court stated:

---

* Photographs of the line-up were admitted into evidence and also made available to this court.

"With respect to the motion to suppress the physical exhibits, I find that in view of all the circumstances surrounding, the person running, going to the car, running for the car, made a stop, then the call comes, I certainly believe that there would be probable cause to make an arrest and to make the search of the automobile. So the motion to suppress the physical exhibits and identification will be denied."

At the trial the testimony of the prosecution witnesses was substantially the same as adduced at the suppression hearings. Defendant testified that he had met two of his friends at a lounge and asked them for a ride home. He had known them for at least 3 or 4 years. Enroute the three men stopped to talk with some young ladies. One of his friends stated that he was going to the cleaners and borrowed defendant's hat to protect him from the rain. It was "raining pretty hard." When his friend returned to the car they started to drive away, but their path was blocked by a police car. They were subsequently arrested. Defendant also testified, contrary to the testimony of the police, that he was not immediately searched and that the money was not found until he was removed from the scene to the police station.

Defendant initially contends that evidence produced by the search incident to his arrest—the gun found in the car and the currency taken from his waistband—should have been suppressed because the arrest was made without probable cause.

■■ ■ Probable cause for arrest exist when the facts and circumstances within the arresting officer's knowledge warrant a man of reasonable caution in believing that an offense has been committed and that the person arrested has committed it. (*People v. Peak*, 29 Ill.2d 343.) Whether probable cause for arrest exists depends upon the totality of the facts and circumstances in a given case. (*People v. McCrimmon*, 37 Ill.2d 40.) While mere suspicion will not afford probable cause for an arrest, it is established that reasonable cause for an arrest does not require the same quantum of evidence necessary to support a conviction and may even be founded on evidence that would not be admissible at trial. (*People v. Jones*, 31 Ill.2d 42.) Furthermore, the existence of probble cause which will justify an arrest without a warrant depends upon the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, must act. *Brinegar v. United States*, 338 U.S. 160.

■■ Measured by the above standards, we believe that at the time he was searched there was probable cause for defendant's arrest. The arresting officers knew of a series of robberies of cleaning stores in the area.

Defendant was observed running from such an establishment. Officer Dixon pursued defendant through an alley on a route not generally characteristic of one merely attempting to avoid the rain. Defendant then entered a car, the engine of which was running, 1½ blocks from the cleaning store. Although the trial court indicated that he thought the police report sounded more logical than the police officers' testimony, his subsequent statement immediately preceding the denial of defendant's motion to suppress indicates that he ultimately found that the radio message of the robbery was received prior to defendant's arrest and the search of his person. Viewing the totality of the facts and circumstances, we conclude that the arresting officers had reasonable grounds to believe that an offense had been committed and that defendant had committed that offense. Therefore, there was probable cause for defendant's arrest, and the physical evidence produced by the search incident thereto was properly admitted into evidence.

Defendant next contends that the pretrial identification procedures employed by the police were "so suggestive and conducive to mistaken identity" as to require suppression of the in-court identification and of testimony regarding the pretrial identification. The legal standard which we must apply is well established. Suppression of identification evidence is warranted only when it appears from the record that the procedures employed were so unnecessarily suggestive as to give rise to a substantial likelihood of irreparable misidentification. (*Simmons v. United States* (1967), 390 U.S. 377, 384; *People v. Holiday,* 47 Ill.2d 300, 307, 308, 265 N.E.2d 634; *People v. Lee,* 44 Ill.2d 161, 254 N.E.2d 469; *People v. Tuttle,* 3 Ill.App.3d 326, 278 N.E.2d 458.) All the facts and circumstances bearing on the pretrial identification must be considered. (*People v. Blumenshine,* 42 Ill.2d 508, 250 N.E.2d 152.) In the case at bar complainant informed the police that the man who robbed the store was wearing a fur hat. When she identified defendant at the line-up, he was the only member of the line-up wearing a fur hat. Clearly, there were some elements of suggestion in this procedure. However, we note that the offense occurred in the early afternoon, and the lights were on in the store. Defendant stood two to three feet from the complainant for a "couple of minutes." The identification took place within 45 minutes of the robbery. In addition, the complainant testified that she identified defendant by his face, not by his clothing. Under these circumstances, we do not believe that the identification procedures were so unnecessarily suggestive as to give rise to a substantial likelihood of irreparable misidentification. (See *People v. Shaw,* 6 Ill.App.3d 366.) The trial court did not err in denying defendant's motion to suppress.

■■ Defendant's remaining contention is that the prosecutor's closing argument was so prejudicial as to deny him a fair trial. Defendant, in endeavoring to establish an alibi defense, testified that he and two friends stopped the car in which they were riding to converse with some young ladies. While they were stopped, one of his friends, Mr. Davis, allegedly borrowed defendant's hat, went to the cleaning shop, returned and promptly replaced the hat on defendant's head. As they commenced to drive off, the police arrived and stopped them. The prosecutor's argument to the jury made references to defendant's failure to produce these friends and the young ladies in support of the alibi. In the disposition of the foregoing contention we adopt the language of our Supreme Court in *People v. Nilsson*, 44 Ill.2d 244, 248:

> "The final point raised by defendant concerns the prosecutor's reference, during closing argument, to defendant's failure to support his alibi with the testimony of the alleged alibi witnesses. The authority in Illinois is conflicting on the question whether such comment is improper. [Cases cited]. There can be no question, however, as to the rule that improper remarks do not constitute reversible error unless they result in substantial prejudice to the accused. [Cases cited]. Since we are of the opinion that the prosecutor's remarks were so minor that they could not have been a material factor in defendant's conviction, and therefore cannot constitute reversible error, we need not consider their propriety."

The judgment is affirmed.

Judgment affirmed.

SCHWARTZ and LEIGHTON, JJ., concur.