THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* VERDIS W. MILLER, Defendant-Appellant.

(No. 60529;

First District (5th Division)—July 11, 1975.

James J. Doherty, Public Defender, of Chicago (Anthony C. Sabbia and Edmund B. Moran, Jr., Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Raymond J. Prosser, and Paul B. Linton, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE BARRETT delivered the opinion of the court:

Verdis W. Miller, defendant, was found guilty after a bench trial of the crime of possession of a hypodermic needle. (Ill. Rev. Stat. 1973, ch. 38, par. 22-50.) He was sentenced to a term of 60 days in the House of Correction.

At the motion to suppress and at trial the following evidence was adduced: William Stewart, a Chicago police officer, testified that on April 24, 1974, he was at the Burton House Hotel at 317 South Throop, Chicago, Illinois. At approximately 7 p.m. he observed a man come out of room 330. The man left the door open and walked down the hallway. Officer Stewart looked in the room and observed Terry Lee seated at a table with a hypodermic needle in his right hand. Lee's right hand was moving toward his left arm. Officer Stewart entered the room and at that time observed defendant with a hypodermic needle in his mouth between his teeth. Both men were than placed under arrest.

■■ Defendant's only argument on appeal is that Officer Stewart's entry into the hotel room was an unreasonable invasion of privacy without probable cause and, therefore, his observations of defendant made after his entry into the room should have been suppressed. A police officer may make an arrest without a warrant if he has reasonable grounds to believe that an offense is being or has been committed and that the person to be arrested is the man who has committed the offense. (*People v. Wright,* 42 Ill.2d 457, 248 N.E.2d 78.) Probable cause to make an arrest constitutes something less than the evidence needed for conviction. The existence of probable cause which would justify an arrest without a warrant depends upon the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, must act. *People v. Colbert,* 10 Ill.App.3d 758, 295 N.E.2d 225; *People v. Jones,* 7 Ill.App.3d 820, 288 N.E.2d 918.

Here, there is no question that Officer Stewart had a right to be in the hallway of the hotel since this area was open to the public and is, therefore, not a constitutionally protected area. (*People v. Carroll,* 12 Ill.App.3d 869, 299 N.E.2d 134.) The sole issue then becomes whether Officer Stewart's observation of Terry Lee with a hypodermic needle in his right hand was sufficient to justify the officer's entry into the room. If the officer's entry into the room was justified, his observation of defendant with the hypodermic needle, in plain view, was properly admitted into evidence. *People v. Bombacino,* 51 Ill.2d 17, 280 N.E.2d 697.

In *People v. Phillips,* 30 Ill.2d 158, 195 N.E.2d 717, defendant was convicted of unlawful possession of narcotics. At trial a police officer testified that he received information from an informant that the informant had purchased narcotics from the defendant. Without obtaining a search

warrant or an arrest warrant, the officer went to defendant's apartment and knocked on the door. When defendant opened the door the officer observed a hypodermic needle and springe on the floor. He then entered the apartment and found narcotics inside a cigarette package on the floor of the premises. On appeal, defendant argued that the officer's entry onto his premises was without probable cause. The supreme court rejected that contention, holding:

> "The testimony of the police officer was that there was no entry into the defendant's apartment until after the officer had seen the hypodermic needle and syringe. Possession of those articles, except by physicians and other designated persons, is prohibited by statute. (Ill. Rev. Stat. 1961, ch. 38, par. 22—50.) Apart from anything that had theretofore occurred, the officer had personal knowledge that an offense was being committed in his presence at the time that he entered the apartment." (30 Ill.2d 158, 160.)

See also *People v. Varnadoe*, 54 Ill.App.2d 443, 203 N.E.2d 781.

The above expression of the supreme court makes it completely clear to us that possession alone makes a prima facie case a violation of the statute and puts the burden on the accused to put himself within the exceptions enumerated in the statute.

■■ In the case at bar, Officer Stewart, while standing in the hallway of the hotel, observed Tommy Lee with a hypodermic needle in his right hand moving it toward his left arm. This observation provided probable cause for Officer Stewart's entry into the hotel room to arrest Lee. While in the hotel room Officer Stewart observed defendant in possession of a hypodermic needle. Since Officer Stewart was properly in the hotel room his testimony regarding his observations of defendant were properly admitted into evidence.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

LORENZ and SULLIVAN, JJ., concur.