# Illinois Official Reports

## Appellate Court

---

**People v. Presa, 2014 IL App (3d) 130255**

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BRUNO PRESA, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-13-0255 |
| Rule 23 Order filed<br>Motion to publish allowed<br>Opinion filed | November 14, 2014<br><br>December 18, 2014<br>December 18, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's conviction for possession of syringes under the Hypodermic Syringes and Needles Act based on his possession of nearly 500 used and uncapped hypodermic syringes was reversed on the ground that defendant was a card-holding member of the Chicago Recovery Alliance, a "needle exchange" program intended to slow the spread of human immunodeficiency virus among intravenous drug users and defendant fell within the statutory exemption allowing persons engaged in "scientific research" to possess more than 20 hypodermic needles, since the "needle exchange" program was an entity engaged in scientific research. |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 11-CM-3893; the Hon. Carmen Goodman, Judge, presiding. |
| Judgment | Reversed. |

Counsel on
Appeal

Michael J. Pelletier and Editha Rosario-Moore, both of State Appellate Defender's Office, of Ottawa, for appellant.

James Glasgow, State's Attorney, of Joliet (Mark A. Austill, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE SCHMIDT delivered the judgment of the court, with opinion.
Justices Holdridge and Wright concurred in the judgment and opinion.

## OPINION

¶ 1    Defendant, Bruno Presa, was charged with one count of possession of syringes under section 1 of the Hypodermic Syringes and Needles Act (Act) (720 ILCS 635/1 (West 2010)), when he was found in possession of approximately 500 used and uncapped hypodermic syringes in a cardboard box in his bedroom. Defendant was a card-holding member of the Chicago Recovery Alliance (CRA), a "needle exchange" program that aims to slow the spread of human immunodeficiency virus (HIV) among intravenous drug users. At a bench trial, defendant argued that he met the statutory exemption for a person engaged in "scientific research," through his participation in CRA's program. See 720 ILCS 635/1(a) (West 2010). The court found defendant guilty. Defendant appeals, arguing the evidence was insufficient to prove him guilty beyond a reasonable doubt. The State concedes, and we reverse.

¶ 2                                    FACTS
¶ 3    Defendant was charged by information with "Unlawful Possession of Hypodermic Syringe or Needle" under section 1 of the Act (720 ILCS 635/1 (West 2010)). The charging information alleged:

> "[D]efendant, knowingly and unlawfully had in his possession an instrument, namely a hypodermic syringe and needle, or any other instrument so adapted for the use of controlled substances by subcutaneous injection and the defendant was not in possession of such aforementioned instrument by reason of or during the course of his official duties, and the defendant was not in possession of such aforementioned instrument acting under the direction of a medical doctor, dentist or hospital supervisor *** ."

Section 1 reads:

> "(a) Except as provided in subsection (b), *no person, not being *** a person engaged in chemical, clinical, pharmaceutical or other scientific research*, shall have in his possession a hypodermic syringe, hypodermic needle, or any instrument adapted for the use of controlled substances or cannabis by subcutaneous injection.

(b) A person who is at least 18 years of age may purchase from a pharmacy and have in his or her possession up to 20 hypodermic syringes or needles." (Emphasis added.) 720 ILCS 635/1 (West 2010).

Section (b), along with the part of section (a) referencing it, was added by the legislature in 2003. Pub. Act 93-392 (eff. July 25, 2003). The amendment was characterized as a public health initiative, which, by "decriminaliz[ing] the possession of up to twenty sterile hypodermic needles and syringes," aimed to reduce the transmission of HIV and other diseases by intravenous drug users. 93d Ill. Gen. Assem., Senate Proceedings, March 24, 2003, at 78 (statements of Senator Trotter).

¶ 4 Defendant bonded out of jail on a $100 personal recognizance bail bond. His bail bond contract listed six conditions of bond, none of which mentioned drug screenings. Defendant entered a plea of not guilty at his arraignment, explaining that he was a member of "the needle exchange program."

¶ 5 At the first pretrial hearing, defendant appeared *pro se*. The court stated that "as a condition of your bond, you were to be drug tested today." Defendant said he was unaware of that requirement and had not yet been drug tested. Defendant requested that the court dismiss the charge because "I have a card for legal possession of what I got arrested for." The court stated, "That's probably a defense," but explained that defendant needed counsel and, first of all, needed to be drug tested. The court appointed a public defender and ordered defendant downstairs for a drug screening. The court explained, "I test everybody who has these type of cases."

¶ 6 On March 14, 2013, the case proceeded to a bench trial. Pretrial, the State stipulated to two defense exhibits. The first was a special order from the Chicago police department (CPD) regarding CRA. The special order stated that CRA personnel and participants in the needle exchange program met the statutory exemption for scientific research under section 1 of the Act. The order directed CPD officers not to arrest CRA program participants for possession of hypodermic syringes. The second exhibit was a special order from the Joliet police department, directing its officers not to arrest participants of a similar needle exchange program for possession of syringes.

¶ 7 The defense called Dan Bigg, director of CRA. Bigg explained that CRA is a 21-year-old nonprofit organization that aims to study and reduce the spread of HIV and hepatitis B and C. When participants interact with CRA to receive services, CRA asks them questions that are recorded and used for research purposes. Its members are given coded identification cards; cardholder names are not collected or stored by CRA. Bigg testified that defendant had a valid CRA card and was considered a current participant in CRA's research program.

¶ 8 Gregg Scott testified that he is an associate professor of sociology at DePaul University who studies HIV and drug use. The data collected through CRA's questioning of participants is stored and analyzed at DePaul's science research center. On cross-examination, Scott stated that participants may take as many clean needles as they want, and there is no requirement that they must exchange dirty needles to receive clean ones. According to Scott, "putting limitations on the number of syringes actually contributes to the flourishing of HIV."

¶ 9 The court ultimately determined that defendant's CRA participant card did not in itself establish that defendant was a person engaged in scientific research under the Act. The court found defendant guilty.

¶ 10        The court asked whether the parties were ready to proceed to sentencing. Defense counsel requested a continuance to gather and prepare mitigating evidence. The court denied that request: "Okay. Well, this is a 2011 case. I will give you five minutes." The court sentenced defendant to 90 days in jail, 24 months' conditional discharge, and fines and costs of $200. Defendant appeals.

¶ 11                                            ANALYSIS

¶ 12        On appeal, defendant, again, argues that because of his participation in CRA's program, he met the statutory exemption for a person engaged in scientific research. The State concedes that defendant's conviction must be reversed.

¶ 13        Under the statute, *anyone* 18 years of age or older may possess up to 20 needles. To legally possess more than 20 needles, the person or entity must meet one of the exemptions listed in subsection (a). In the present case, defendant claimed he met the exemption for "a person engaged in *** scientific research." 720 ILCS 635/1(a) (West 2010). The State conceded–and the evidence overwhelmingly established–that CRA was an entity engaged in scientific research. The legislature decided that it was sound public policy to allow the possession of up to 20 syringes for anyone and more than 20 syringes for those engaged in scientific research. It is not the role of the courts to question that policy decision.

¶ 14        Clinical scientific research, by definition, requires not only scientific researchers, but also participants or patients. Dan Bigg, the director of CRA, testified that defendant possessed a valid CRA card; Bigg considered defendant a current participant in CRA's research program. On appeal, the State concedes that defendant was, for purposes of the Act, engaged in scientific research. No reasonable trier of fact could have found defendant guilty based upon the evidence presented at trial. The State confesses error. We reverse defendant's conviction.

¶ 15                                          CONCLUSION

¶ 16        For the foregoing reasons, the judgment of the circuit court of Will County is reversed.

¶ 17        Reversed.