**2016 IL 117846**


# IN THE

# SUPREME COURT

# OF

# THE STATE OF ILLINOIS

_____

(Docket No. 117846)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. JOSHUA
TOLBERT, Appellee.


*Opinion filed January 22, 2016.*



JUSTICE BURKE delivered the judgment of the court, with opinion.

Chief Justice Garman and Justices Freeman, Thomas, Kilbride, Karmeier, and
Theis concurred in the judgment and opinion.


**OPINION**

¶ 1      A defendant who has been charged under Illinois's aggravated unlawful use of
a weapon statute for possessing a handgun while under 21 years of age (720 ILCS
5/24-1.6(a)(1), (a)(3)(I) (West 2012)), will avoid criminal liability if the firearm
was carried while "on the land or in the legal dwelling of another person as an
invitee with that person's permission" (*id.*). At issue in this appeal is whether this
invitee requirement is an element of the offense such that the State must plead and
prove that the defendant was *not* an invitee at the time he possessed the handgun in
order to establish guilt, or whether it is an exemption to the offense that the
defendant must raise and prove. For the reasons that follow, we hold that the invitee
requirement is an exemption.

¶ 2                                       BACKGROUND

¶ 3        The defendant, Joshua Tolbert, was charged in the circuit court of Cook County with possessing an "uncased, loaded and immediately accessible" firearm in violation of section 24-1.6(a)(1), (a)(3)(A) of the aggravated unlawful use of a weapon statute (720 ILCS 5/24-1.6(a)(1), (a)(3)(A) (West 2012)). He was also charged with possessing a handgun while under 21 years of age in violation of section 24-1.6(a)(1), (a)(3)(I) of the statute (720 ILCS 5/24-1.6(a)(1), (a)(3)(I) (West 2012)). Defendant was 17 years old at the time of his arrest.

¶ 4        At defendant's bench trial, Chicago police officers testified that they responded to a call about a "person with a gun" at a home on South Seeley Avenue in Chicago. Arriving on the scene, officers discovered defendant and another man in the gated front yard of the house. Several other men and women were outside the gate. The officers detained the men and women, searched the area, and recovered a loaded, black Ruger .9-millimeter pistol from the porch of the house. According to the police officers, defendant admitted to being the owner of the gun. Defendant was arrested and transported to the police station where he was read his *Miranda* rights and again, according to the officers, admitted to owning the pistol and placing it on the porch.

¶ 5        At the conclusion of the trial, the circuit court found defendant guilty of both counts of aggravated unlawful use of a weapon. He was sentenced to two years of adult probation. Defendant appealed.

¶ 6        On appeal, defendant argued that (1) his conviction under section 24-1.6(a)(1), (a)(3)(A) had to be vacated as unconstitutional under *People v. Aguilar*, 2013 IL 112116; (2) his conviction under section 24-1.6(a)(1), (a)(3)(I) for possessing a handgun while under 21 years of age also had to be vacated because the statutory provision was unconstitutional; (3) the State failed to prove all of the elements of the charged offenses; (4) the State's charging instrument was fatally defective; and (5) defense counsel was ineffective for, among other things, failing to move to suppress defendant's statements to the police.

¶ 7        In the appellate court, the State conceded that defendant's conviction under section 24-1.6(a)(1), (a)(3)(A) was unconstitutional pursuant to *Aguilar*. The appellate court therefore vacated that conviction (2014 IL App (1st) 122343-U), and it is not at issue in this appeal.

¶ 8    With respect to defendant's conviction under section 24-1.6(a)(1), (a)(3)(I), the appellate court concluded that the State's charging instrument was fatally defective. Relying on *People v. Brisco*, 2012 IL App (1st) 101612, and *People v. Laubscher*, 183 Ill. 2d 330 (1998), the appellate court held that the invitee requirement in section 24-1.6(a)(1), (a)(3)(I), which states that there is no criminal liability if the person is "on the land or in the legal dwelling of another person as an invitee with that person's permission," is an element of the offense. 720 ILCS 5/24-1.6(a)(1), (a)(3)(I) (West 2012). That is, according to the appellate court, in order to establish defendant's guilt, the State had to prove that he was *not* an invitee of the person on whose land he was arrested. As such, the appellate court reasoned, the State bore the burden of including the element in the charging instrument. 2014 IL App (1st) 122343-U, ¶ 15. The State's information in this case, however, did not allege that defendant was not an invitee.

¶ 9    The appellate court next concluded that the State's failure to allege the invitee element prejudiced defendant's defense. *Id.* ¶¶ 16-18. The court therefore reversed defendant's conviction under section 24-1.6(a)(1), (a)(3)(I). Having reversed defendant's conviction on this basis, the appellate court did not address defendant's remaining arguments.

¶ 10   The State subsequently filed a petition for leave to appeal in this court which we allowed. Ill. S. Ct. R. 315 (eff. July 1, 2013).

¶ 11                                    ANALYSIS

¶ 12   Whether the invitee requirement of section 24-1.6(a)(1), (a)(3)(I) of the aggravated unlawful use of a weapon statute is an element of the offense is a question of statutory interpretation. Our review, therefore, is *de novo*. *People v. Elliott*, 2014 IL 115308, ¶ 11.

¶ 13   Section 24-1.6(a)(1), (a)(3)(I) of the aggravated unlawful use of a weapon statute provides:

    "(a) A person commits the offense of aggravated unlawful use of a weapon when he or she knowingly:

       (1) Carries on or about his or her person or in any vehicle or concealed on or about his or her person except when on his or her land or in his or her

abode, legal dwelling, or fixed place of business, or on the land or in the legal dwelling of another person as an invitee with that person's permission, any pistol, revolver, stun gun or taser or other firearm; [and]

\*\*\*

(3) One of the following factors is present:

\* \* \*

(I) the person possessing the weapon was under 21 years of age and in possession of a handgun \*\*\*, unless the person under 21 is engaged in lawful activities under the Wildlife Code or described in subsection 24-2(b)(1), (b)(3), or 24-2(f)." 720 ILCS 5/24-1.6(a)(1), (a)(3)(I) (West 2012).

¶ 14    The general principles governing our interpretation of section 24-1.6(a)(1), (a)(3)(I) are well settled. As this court stated in *People v. Close*, 238 Ill. 2d 497 (2010):

" '[I]t is the rule in this State that where an act is made criminal, with exceptions embraced in the enacting clause creating the offense, so as to be descriptive of it, the People must allege and prove that the defendant is not within the exceptions so as to show that the precise crime has been committed. In other words, where the exception is descriptive of the offense it must be negatived in order to charge the defendant with the offense. On the other hand, if the exception, instead of being a part of the description of the offense, merely withdraws certain acts or certain persons from the operation of the statute it need not be negatived, and its position in the act, whether in the same section or another part of the act, is of no consequence. [Citations.] Exceptions are generally mere matters of defense. [Citations.]' " *Close*, 238 Ill. 2d at 508 (quoting *People ex rel. Courtney v. Prystalski*, 358 Ill. 198, 203-04 (1934)).

¶ 15    *Close* makes clear that, in determining whether an exception to a criminal statute is an element to be proved by the State, we do not look solely at where the exception is positioned in the statute. Instead, we must determine more generally whether the legislature intended the exception to be "descriptive" of the offense, or whether the legislature intended only to withdraw, or exempt, certain acts or persons from the operation of the statute. *Id.*; see also, *e.g.*, *People v. Green*, 362 Ill. 171, 175 (1935).

¶ 16 In this case, we have a clear statement from the General Assembly indicating its intent to withdraw, or exempt, invitees from the reach of section 24-1.6(a)(1), (a)(3)(I). Section 24-2 of the Criminal Code of 2012 (720 ILCS 5/24-2 (West 2012)), which is titled "Exemptions," lists several categories of people and conduct that are exempted from provisions of the aggravated unlawful use of a weapon statute and the unlawful use of weapons statute. Relevant here, section 24-2(b)(5) expressly states that the aggravated unlawful use of a weapon statute, section 24-1.6, does "not apply to or affect":

"(5) Carrying or possessing any pistol, revolver, stun gun or taser or other firearm on the land or in the legal dwelling of another person as an invitee with that person's permission." 720 ILCS 5/24-2(b)(5) (West 2012).

In addition, section 24-2(h) provides that:

"(h) An information or indictment based upon a violation of any subsection of this Article [Article 24] need not negative any exemptions contained in this Article. The defendant shall have the burden of proving such an exemption." 720 ILCS 5/24-2(h) (West 2012).

¶ 17 The plain language of section 24-2 establishes that the invitee requirement of section 24-1.6 was intended by the General Assembly to be an exemption to the offense of aggravated unlawful use of a weapon and not an element. It was therefore incumbent on the defendant to prove his entitlement to the exemption. The State had no obligation to include the invitee requirement in the charging instrument. See *People v. Smith*, 71 Ill. 2d 95, 105-06 (1978) ("the State need never negate any exemption"). See *People v. Fields*, 2014 IL App (1st) 130209, ¶¶ 31-45.

¶ 18 The appellate court below concluded that the invitee requirement was an element of the charged offense but did not mention section 24-2 or explain why the language of that section had no application here. Instead, the court relied on *People v. Brisco*, 2012 IL App (1st) 101612, and *People v. Laubscher*, 183 Ill. 2d 330 (1998). Neither of these opinions is helpful here.

¶ 19 *Brisco* concluded that the invitee requirement is an element, but like the appellate court below, the *Brisco* court did not discuss section 24-2. For this reason, we find *Brisco* unpersuasive.

¶ 20 *Laubscher* is inapposite. In *Laubscher*, this court held that an exception in the unlawful use of a weapon statute for a person "when on his land or in his own abode

or fixed place of business," was an element of the offense of unlawful use of a weapon. *Id*. at 335-36 (discussing section 24-1(a)(4) of the Criminal Code of 1961). However, the abode language was found only in the definition section of the offense; it did not appear in the list of exemptions found in section 24-2. In other words, *Laubscher* addressed a situation where there was no statutory provision which explicitly stated whether or not the exception was intended to be an element. In this case, in contrast, there is express language in section 24-2 stating that the invitee requirement is meant to be an exemption, not an element. We are not free to ignore the plain language of section 24-2. Accordingly, we hold that the appellate court erred in concluding that the invitee requirement is an element of the offense of aggravated unlawful use of a weapon.

¶ 21                                    CONCLUSION

¶ 22       For the foregoing reasons, the judgment of the appellate court is vacated. The cause is remanded to the appellate court to consider defendant's remaining contentions.

¶ 23       Appellate court judgment vacated.

¶ 24       Cause remanded.