# Illinois Official Reports

## Appellate Court

---

**People v. Fiumetto, 2018 IL App (2d) 170230**

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. NICOLE E. FIUMETTO, Defendant-Appellee.–THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. JOCLYN E. HALL, Defendant-Appellee. |
| District & No. | Second District<br>Docket Nos. 2-17-0230, 2-17-0231 cons. |
| Filed<br>Rehearing denied | June 12, 2018<br>September 28, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Lake County, Nos. 16-CM-2877, 16-CM 3816; the Hon. Helen S. Rozenberg, Judge, presiding. |
| Judgment | Affirmed in part and reversed in part.<br>Cause remanded. |
| Counsel on Appeal | Michael G. Nerheim, State's Attorney, of Waukegan (Patrick Delfino, David J. Robinson, and Ivan O. Taylor Jr., of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.<br><br>James E. Chadd, Thomas A. Lilien, and Bruce Kirkham, of State Appellate Defender's Office, of Elgin, for appellees. |

JUSTICE HUTCHINSON delivered the judgment of the court, with opinion.
Justices McLaren and Spence concurred in the judgment and opinion.


**OPINION**

¶ 1    In these consolidated cases, the State appeals from the judgment of the circuit court of Lake County dismissing the charges of knowingly possessing a hypodermic syringe (720 ILCS 635/1 (West 2016)) against defendants, Nicole E. Fiumetto and Joclyn E. Hall, and dismissing the charge of possessing drug paraphernalia (720 ILCS 600/3.5(a) (West 2016)) against Hall. Because the trial court correctly dismissed the drug-paraphernalia charge but erred in dismissing the hypodermic-syringe charges, we affirm in part, reverse in part, and remand.

¶ 2                              I. BACKGROUND

¶ 3    Defendants were charged by information with possession of a hypodermic syringe (720 ILCS 635/1 (West 2016)) and possession of drug paraphernalia (720 ILCS 600/3.5(a) (West 2016)).

¶ 4    In each case, count I of the information alleged that the defendant knowingly possessed a hypodermic syringe.

¶ 5    Count II of Hall's information alleged that she knowingly possessed drug paraphernalia (a spoon) with the intent to ingest, inhale, or introduce a controlled substance into a human body. Counts II and III of Fiumetto's information alleged, respectively, that she knowingly possessed drug paraphernalia (a cooker and tin foil) with the intent to ingest, inhale, or introduce a controlled substance into a human body.

¶ 6    Defendants moved to dismiss all of the charges. Each defendant contended that the charge of possessing a hypodermic syringe was deficient because the State failed to allege that she was not a person who was at least 18 years old and who had purchased no more than 20 syringes from a pharmacy, per section 1(b) of the Hypodermic Syringes and Needles Act (Syringes Act) (720 ILCS 635/1(b) (West 2016)). Both defendants further maintained that the drug-paraphernalia charges were deficient because the alleged items did not fall within the definition of drug paraphernalia, as set forth in section 2(d) of the Drug Paraphernalia Control Act (Paraphernalia Act) (720 ILCS 600/2(d) (West 2016)).

¶ 7    The trial court dismissed all charges as to both defendants. The State filed a motion to reconsider the dismissal of the hypodermic-syringe charges as to both defendants and the drug-paraphernalia charge as to Hall. The trial court denied the motion to reconsider. In doing so, the court noted that the parties had stipulated that the spoon was the "kind of spoon that you find in any home, any restaurant, any school" and had not been modified to be used for drug consumption.

¶ 8    Following the denial of the motion to reconsider, the State filed a certificate of impairment (see Ill. S. Ct. R. 604(a)(1) (eff. Mar. 8, 2016)) and appealed the dismissal of the hypodermic-syringe charges as to both defendants and the drug-paraphernalia charge as to Hall. We consolidated the cases.

¶ 10    On appeal, the State contends that (1) because section 1(b) of the Syringes Act constitutes an exception to, rather than a description of, the offense of possessing a hypodermic syringe, its inapplicability need not be alleged in the charging instrument and, (2) although it was an ordinary spoon, because Hall intended to use the spoon to ingest a controlled substance, it qualified as drug paraphernalia. Defendants respond that, because section 1(b) describes the offense of possessing a hypodermic syringe, its inapplicability must be included in the charge. Hall further responds that, because a common spoon, without modification, is not intended to be used to ingest, inhale, or otherwise introduce a controlled substance into a human body, the State failed to properly allege a violation of the Paraphernalia Act.

¶ 11    We first address whether the State properly charged the offense of possession of a hypodermic syringe. It did.

¶ 12    A defendant has the fundamental right to be informed of the nature and cause of a criminal accusation. *People v. Rowell*, 229 Ill. 2d 82, 92-93 (2008) (citing 725 ILCS 5/111-3 (West 2004)). Section 111-3(a)(3) of the Code of Criminal Procedure of 1963 requires that a charging instrument set forth the nature and elements of the offense. 725 ILCS 5/111-3(a)(3) (West 2016). If a charging instrument is challenged before trial, the charge must strictly comply with the pleading requirements of section 111-3. *Rowell*, 229 Ill. 2d at 93. If it does not, the proper remedy is dismissal. *Rowell*, 229 Ill. 2d at 93. Dismissal is proper regardless of any prejudice. *People v. Cuadrado*, 214 Ill. 2d 79, 87 (2005).

¶ 13    It is well established that, where an act is made criminal with exceptions embraced in the enacting clause creating the offense, so as to be descriptive of it, the State must allege and prove that the defendant is not within the exceptions so as to show that the precise crime has been committed. *People v. Tolbert*, 2016 IL 117846, ¶ 14. Put another way, where the exception is descriptive of the offense, it must be charged and negated. *Tolbert*, 2016 IL 117846, ¶ 14. However, if the exception, instead of being part of the description of the offense, merely withdraws certain persons or acts from the operation of the statute, it need not be charged and negated. *Tolbert*, 2016 IL 117846, ¶ 14. Whether the exception is in the same section as the offense or in a separate section is not dispositive. *Tolbert*, 2016 IL 117846, ¶ 14. Instead, a court must determine more generally whether the legislature intended the exception to be descriptive of the offense or whether it intended only to withdraw, or except, certain persons or acts from the operation of the statute. *Tolbert*, 2016 IL 117846, ¶ 15. Those latter exceptions are generally matters of defense. *Tolbert*, 2016 IL 117846, ¶ 14.

¶ 14    The cardinal rule of statutory construction is to ascertain and effectuate the legislative intent. *People v. Espino-Juarez*, 2018 IL App (2d) 150966, ¶ 12. The best evidence of legislative intent is the language of the statute. *Espino-Juarez*, 2018 IL App (2d) 150966, ¶ 12. Where possible, the court should interpret the statutory language according to its plain and ordinary meaning. *Espino-Juarez*, 2018 IL App (2d) 150966, ¶ 12.

¶ 15    Here, we must decide whether the legislature intended section 1(b) of the Syringes Act to describe the offense or merely to except certain persons or acts from criminal liability. It is the latter.

¶ 16    Section 1(a) of the Syringes Act begins with the phrase "[e]xcept as provided in subsection (b)." 720 ILCS 635/1(a) (West 2016). In turn, section 1(b) states that any person who is at least 18 years old may possess up to 20 syringes if she has purchased them from a pharmacy. 720 ILCS 635/1(b) (West 2016). The plain language of section 1(b) excepts from liability certain

persons (those who are at least 18 years old) who commit certain acts (purchasing from a pharmacy no more than 20 syringes). By identifying certain persons and certain acts not subject to criminal prosecution, the legislature intended to create an exception to, as opposed to a description of, the offense. See *Tolbert*, 2016 IL 117846, ¶ 14.

¶ 17　　The mere placement of the reference to section 1(b) within section 1(a), which defines the offense, does not alone show any intent to make the language in section 1(b) descriptive of the offense. As noted, the location of the exception, whether in the same or a separate section, is not determinative. See *Tolbert*, 2016 IL 117846, ¶ 14.

¶ 18　　Although no case has addressed the precise issue, several older appellate-court cases, in interpreting a former version of the Syringes Act, have held that other categories of persons similar to those identified in the current Syringes Act are exceptions to, as opposed to descriptions of, the offense. In *People v. Miller*, 30 Ill. App. 3d 643 (1975), the court held that the State was required to charge and prove only possession and that a defendant had the burden to prove that he fell within the category of persons excepted under the statute. *Miller*, 30 Ill. App. 3d at 645 (citing *People v. Phillips*, 30 Ill. 2d 158, 160 (1964)). Similarly, in *People v. Harper*, 35 Ill. App. 2d 247 (1962), the court held that an indictment charging a defendant with unlawful possession of a hypodermic syringe was sufficient and need not allege further that the defendant was not a physician or any other person excepted from prosecution under the statute. Thus, *Miller* and *Harper* further support our conclusion that section 1(b) creates an exception to, as opposed to a description of, the offense of possessing a hypodermic syringe.

¶ 19　　Our conclusion is further supported by a recent appellate-court decision. In *People v. Brace*, 2017 IL App (4th) 150388, the defendant was charged with unlawful possession of methamphetamine precursors without a prescription (720 ILCS 646/120 (West 2014)). *Brace*, 2017 IL App (4th) 150388, ¶ 4. The defendant argued that her conviction must be vacated because the State failed to prove that she lacked a prescription. *Brace*, 2017 IL App (4th) 150388, ¶¶ 10, 14. In rejecting the defendant's contention, the court held that the exception for persons with a valid prescription was not part of the offense but instead merely withdrew certain persons from the operation of the statute. *Brace*, 2017 IL App (4th) 150388, ¶ 15 (citing *People v. Rodgers*, 322 Ill. App. 3d 199, 203 (2001) (in prosecution for driving with a revoked license, State not required to prove the lack of a restricted driving permit)). Thus, the court held that the exception was a matter of defense, which the State had no burden to disprove. *Brace*, 2017 IL App (4th) 150388, ¶ 16.

¶ 20　　The statute at issue in *Brace* is substantially similar to the one in this case. The lack of a prescription to possess an otherwise unlawful substance is nearly identical to the lack of having lawfully purchased from a pharmacy an otherwise unlawful syringe. Thus, the reasoning of *Brace* further supports our conclusion that section 1(b) sets out an exception to criminal liability that need not be negatived in the charge.

¶ 21　　Consistent with the foregoing appellate-court cases, our supreme court, in *People ex rel. Courtney v. Prystalski*, 358 Ill. 198 (1934), held that the list of persons set forth as exceptions in the former version of the Syringes Act was not descriptive of the offense of possessing a hypodermic syringe but rather was merely a designation of persons excepted from liability. *Prystalski*, 358 Ill. at 204. Thus, the State was not required to charge and prove that the defendant was not one of those persons.

¶ 22　　We note, however, that the supreme court also held that the language excepting from liability any possession that was authorized by a physician's certificate issued within the

previous year was descriptive of the offense such that the lack of a certificate must be charged. *Prystalski*, 358 Ill. at 204. Thus, in terms of charging a defendant, the court distinguished between persons excepted from liability and the absence of a physician's certificate. Because the absence of the certificate was material to the offense, the State was required to allege that absence. *Prystalski*, 358 Ill. at 204.

¶ 23    The holding in *Prystalski*, requiring that the State allege the absence of the physician's certificate, does not help defendants here. The supreme court based that holding on the fact that the absence of a physician's certificate did not constitute "merely a description of persons." *Prystalski*, 358 Ill. at 204. However, section 1(b) clearly describes a category of persons: those who are at least 18 years old and who purchased no more than 20 syringes from a pharmacy. Because the language here designates persons withdrawn from the application of the Syringes Act, as opposed to a description of the offense, it need not be negatived in the charging instrument.

¶ 24    Lastly, defendants' reliance on *People v. Presa*, 2014 IL App (3d) 130255, is misplaced. In *Presa*, the defendant was charged with possessing a hypodermic syringe in violation of section 1 of the Syringes Act. *Presa*, 2014 IL App (3d) 130255, ¶ 3. The defendant argued that he was not liable as a matter of law because, as a participant in a recognized needle-exchange program, he was a person engaged in scientific research, a category exempted under section 1(a) of the statute. *Presa*, 2014 IL App (3d) 130255, ¶ 12. The court held that the defendant was in fact such a participant, was thus engaged in scientific research, and was accordingly exempt from criminal liability. *Presa*, 2014 IL App (3d) 130255, ¶ 14. Although the court mentioned section 1(b), it never addressed the issue of whether that provision constituted a description of the offense. Thus, *Presa* does not support defendants' position.

¶ 25    We next address whether an ordinary spoon, as charged here, constitutes drug paraphernalia. It does not.

¶ 26    Section 3.5(a) of the Paraphernalia Act provides, in pertinent part, that a person who knowingly possesses an item of "drug paraphernalia" with the intent to use it to ingest, inhale, or otherwise introduce a controlled substance into a human body is guilty of a Class A misdemeanor. 720 ILCS 600/3.5(a) (West 2016). In turn, the term "drug paraphernalia" is defined, in relevant part, in section 2(d) of the Paraphernalia Act as all equipment, products, and materials of any kind that are "intended to be used unlawfully" to ingest, inhale, or otherwise introduce a controlled substance into a human body. 720 ILCS 600/2(d) (West 2016). Further, section 2(d)(5)(D) includes as drug paraphernalia "miniature cocaine spoons." 720 ILCS 600/2(d)(5)(D) (West 2016).

¶ 27    However, section 4(b) of the Paraphernalia Act exempts from the definition of drug paraphernalia, among other things, any item used to ingest "any other lawful substance." 720 ILCS 600/4(b) (West 2016). In determining whether an item is exempt under section 4, the trier of fact should consider, in addition to all other logical factors, the general, usual, customary, and historical use of the item (720 ILCS 600/4(1) (West 2016)) and the existence and scope of legitimate uses for the item in the community (720 ILCS 600/4(8) (West 2016)).

¶ 28    Also relevant to the inquiry is section 6 of the Paraphernalia Act, which provides that the Paraphernalia Act is intended to apply only to items that are "clearly and beyond a reasonable doubt intended for the illegal and unlawful use of *** controlled substances." 720 ILCS 600/6 (West 2016). To that end, "all reasonable and common-sense inferences shall be drawn in favor of the legitimacy of any *** item." 720 ILCS 600/6 (West 2016).

¶ 29 In this case, the parties agreed in the trial court that the spoon that Hall allegedly possessed was an ordinary spoon. Indeed, the State neither alleged nor contended that the spoon was modified in any way. Nor was there any allegation that the spoon was a "miniature cocaine spoon" within the meaning of section 2(d)(5)(D) (720 ILCS 600/2(d)(5)(D) (West 2016)). Thus, the spoon was not an item intended to be used unlawfully to ingest a controlled substance.

¶ 30 The spoon was exempted from the definition of drug paraphernalia. Indeed, an ordinary spoon is used to ingest food, typically a lawful substance. See 720 ILCS 600/4(b) (West 2016). Further, an ordinary spoon's general, usual, customary, and historical use is to consume food. Although there might be instances where a spoon is used to ingest drugs, such use is not general, usual, customary, or historical. See 720 ILCS 600/4(1) (West 2016). Additionally, the scope of its legitimate use as a device for eating far exceeds any use for consuming drugs. See 720 ILCS 600/4(8) (West 2016).

¶ 31 Moreover, when all reasonable and common-sense inferences are drawn in favor of legitimate use, an ordinary spoon is not intended to be used for the consumption of a controlled substance. See 720 ILCS 600/6 (West 2016). It is not clearly and beyond a reasonable doubt intended for the illegal use of a controlled substance. See 720 ILCS 600/6 (West 2016). Thus, the State failed to properly charge Hall with possession of drug paraphernalia.

¶ 32 We reject the State's contention that, because the spoon was found near hypodermic syringes, it was drug paraphernalia. The question of whether a particular defendant intended to use the item to ingest a controlled substance is distinct from whether the item is "intended" to be used to ingest a controlled substance. Compare 720 ILCS 600/3.5(a) (West 2016), with 720 ILCS 600/2(d) (West 2016). As discussed, it is the intended use of the item, as opposed to the intent of the defendant, that determines whether an item is drug paraphernalia. Otherwise, any item that a person used to consume drugs would, without more, qualify as drug paraphernalia, irrespective of the definition set forth in section 2(d). That would render the definition in section 2(d) meaningless. See *People v. Relerford*, 2017 IL 121094, ¶ 39 (a court presumes that each part of a statute has meaning and will not construe a statute to render any part superfluous).

¶ 33 For the foregoing reasons, the trial court erred in dismissing the counts of possession of a hypodermic syringe. However, the court correctly dismissed the drug-paraphernalia count against Hall.

¶ 34 III. CONCLUSION

¶ 35 For the reasons stated, we affirm that part of the judgment of the circuit court of Lake County dismissing the charge of drug paraphernalia against Hall, reverse that part of the judgment dismissing the hypodermic-syringe charges as to both defendants, and remand for further proceedings.

¶ 36 Affirmed in part and reversed in part.

¶ 37 Cause remanded.